**HOFHEIMER v. McINTEE et al.**

No. 9660.

United States Court of Appeals
Seventh Circuit.

Feb. 9, 1950.

Rehearing Denied March 10, 1950.

Charles Ralph Johnston, Chicago, Ill., for appellant.

Aaron Taymor, Chicago, Ill., Claude A. Roth, Harry E. Smoot, Chicago, Ill., Louis M. Mantynband, George L. Siegel, Chicago, Ill., for appellee.

Before KERNER, LINDLEY, and SWAIM, Circuit Judges.

LINDLEY, Circuit Judge.

On November 29, 1941, Reka Goldberg Hofheimer brought the instant action against defendants, seeking to establish a trust in certain preferred and common stock of the Hump Hair Pin Manufacturing Company and to recover the same from defendants. Defendants' motion to strike the complaint was sustained on May 5, 1942. No amended complaint having been filed, on December 2, 1942, the court dismissed the suit for want of prosecution. Later, in the same month, the court vacated the order of dismissal and allowed plaintiff to file an amended and supplemental complaint.

Plaintiff's counsel having entered the United States military service, on September 25, 1942, appellant, Charles Ralph Johnston, took his place and filed the amended complaint on December 10, 1942. Count 1 alleged that the stock in controversy was held by defendants for plaintiff's benefit and Count 2 sought to enjoin defendants from participating in certain plans for corporate reorganization in the District Court. Plaintiff's motion for a preliminary injunction having been denied, she appealed to this court, where the order was affirmed in Re South State Street Bldg. Corporation (Hofheimer v. Goldberg et al.), 140 F.2d 363. In the meantime defendants had, on January 9, 1943, moved to dismiss the amended and supplemental complaint. No move was ever made to bring this motion on for hearing and the District Court has entered no order with regard to it.

Plaintiff died on January 27, 1945, and no further action of any kind was taken in the pending suit until June 17, 1947, when defendants suggested her death and moved that the cause be dismissed pursuant to Federal Rule of Civil Procedure 25(a), 28 U.S.C.A., inasmuch as no party plaintiff had been substituted within two years after plaintiff's death.

On July 25, 1947, appellant, appearing in his own behalf, before action had been taken on defendants' motion to dismiss, filed a motion that he be substituted or joined or permitted to intervene as party plaintiff and that the suit proceed in his.

name as sole plaintiff or as co-plaintiff, pursuant to Rules 25(c) and 24 of the Federal Rules of Civil Procedure. The motion was accompanied by his affidavit reciting that on September 24, 1941, the deceased plaintiff had entered into a written contract with Harold M. Keele as her attorney to prosecute and collect her claims against defendants; that, thereby, she had agreed to pay to her attorney a contingent fee equal to one-third of all moneys and other property recovered; that, to insure payment, she had assigned to Keele one-third of the preferred and common stock then held by her in two certain corporations; that, under the agreement, if the attorney failed to collect, he was to retain all moneys theretofore paid to him, receive no further fee for services, and reassign the one-third of the said stock to the then plaintiff, and that on September 25, 1942, Keele, in turn, had transferred to Johnston his interest in and to the stock arising out of the assignment to Keele.

At the time appellant filed his application for designation as sole plaintiff, co-plaintiff or intervenor, he tendered a supplemental complaint in which he adopted the amended and supplemental complaint previously filed by him in behalf of the former plaintiff. On September 26, 1947, Addie Goldberg, executrix under the will of Reka Goldberg Hofheimer, deceased plaintiff, filed an answer in opposition to defendants' motion to dismiss the suit and petitioned that she be substituted as party plaintiff. She objected also to appellant's motion to be substituted as plaintiff or to be allowed to intervene. On February 4, 1948, the District Court entered an order dismissing the case and denying the motion of Johnston to be joined or substituted or to intervene as a party plaintiff. From that order, Johnston appeals. Addie Goldberg has not appealed.

Rule 25(a) (1) of Federal Rules of Civil Procedure is as follows: "If a party dies and the claim is not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed as to the deceased party. The motion for substitution may be made by the successors or representatives of the deceased party or by any party * * *."

■ Under Anderson v. Yungkau, 329 U.S. 482, 67 S.Ct. 428, 430, 91 L.Ed. 436, any substitution for the deceased plaintiff, under the rule quoted, necessarily had to be made within two years after the death of the deceased. No application for substitution was ever made other than appellant's motion and that of Addie Goldberg; each of these motions, however, came after the expiration of two years. The language of the Supreme Court is decisive: "In contrast to the discretion of the court to order substitution within the two year period is the provision of Rule 25(a) that if substitution is not made within that time the action 'Shall be dismissed' as to the deceased. * * * Thus, as stated by the Circuit Court of Appeals, Rule 25(a) operates both as a statute of limitations upon revivor and as a mandate to the court to dismiss an action not revived within the two year period. Rule 6(b) relates to acts required or allowed to be done by parties to an action and permits the court to afford relief to a party for his failure to act within the prescribed time limits. There would be more force in petitioner's argument if Rule 25(a) had, without more, set a two year period within which substitution might be made. But Rule 25(a) does not stop there. It directs the court to dismiss the action if substitution has not been made within that time. That is action required of the court, not of a party. And Rule 6(b) should not be construed to override an express direction of action to be taken by the court. See Wallace v. United States, 2 Cir., 142 F.2d 240, 244." Under this authoritative statement, the trial court had no recourse except to follow the mandate of the rule and dismiss the suit. Anderson v. Yungkau, 329 U.S. 482, 67 S.Ct. 428, 91 L. Ed. 436.

■ One alternative of appellant's motion was that he be admitted as intervenor. We assume, for the purpose of this decision, that he has a lien upon the fruits of the suit to the extent of one-third thereof, secured by a lien upon certain stock

by virtue of the assignment. We assume further that, as such lienee, he had a right to intervene for the enforcement of that lien in any proper proceedings. But intervention is ancillary and subordinate to the main cause and whenever a suit ceases to exist by virtue of dismissal by the court, there remains no longer any action in which there can be intervention. "An existing suit within the court's jurisdiction is a prerequisite of an intervention, which is an ancillary proceeding in an already instituted suit." Kendrick v. Kendrick, 5 Cir., 16 F.2d 744, 745, citing Rocca v. Thompson, 223 U.S. 317, 32 S.Ct. 207, 56 L.Ed. 453; Stewart v. Dunham, 115 U.S. 61, 5 S.Ct. 1163, 29 L.Ed. 329; Adler v. Seaman, 8 Cir., 266 F. 828. The suit having been rightfully necessarily dismissed, as we have seen, under Rule 25(a), there was nothing left in which the movant could intervene.

Another alternative of appellant was that he should be substituted as sole plaintiff. But he is not the owner of the entire *res* involved,—at most, he has only a lien upon the undivided one-third thereof for services rendered or to be rendered. Consequently it is obvious that he could not have been permitted to be substituted as sole plaintiff because the entire cause of action was not in him.

The final alternative of appellant's motion was that he be permitted to be joined as co-plaintiff. But again, as we have seen, the court could do nothing except dismiss the suit as to plaintiff under the mandate of Rule 25(a). Consequently there remained in court no party with whom he could be joined as co-plaintiff.

Appellant asserts that he was an assignee or transferee and, therefore, had a right to be substituted as plaintiff. But he was not an assignee of the whole *res*. He had only an inchoate lien on one-third thereof. The right to enforce that lien in the same case must rest upon the continuation of the original suit and be subordinate and ancillary thereto. The court having been compelled to dismiss that suit, it was left without jurisdiction to determine his lien. Whether some other forum may have jurisdiction of his claim is beside the question. Certainly the District Court, compelled by the rule to dismiss, had, thereafter, no jurisdiction.

Appellant also insists that, irrespective of mandatory dismissal provided in Rule 25(a) in case of the death of a party and failure to make substitution within two years, he was entitled to be substituted as plaintiff under Rule 25(c), which provides that in case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. This rule has no application to a transfer brought about by the death of a party *pendente lite;* it does apply in case an original party makes a transfer *pendente lite*. Here the rights of movant, as assignee of Keele, the original transferee, grew out of a transfer made by the original plaintiff before the suit was instituted. The rule contains no language justifying our so interpreting it as to include "involuntary transfers by reason of the death of a party," as movant contends. One who seeks to become a party because of such involuntary transfer by a deceased party comes within the category of "any party" mentioned in Rule 25(a). The latter rule, and it alone, mentions deceased parties. If the transferee acquires his interest in the suit before its institution, he may then properly become an original plaintiff; if he acquires it after suit is brought, i. e., *pendente lite,* then he may be made a party upon proper and prompt application. But if he delays action until more than two years after the death of his assignor, so that the court is compelled to dismiss the suit, his application comes too late. We conclude that movant had no right to intervene under Rule 25(c).

That appellant had no right to proceed under the Illinois Practice Act, Ill. Rev.Stat.1949, c. 110, § 125 et seq., in this suit is obvious from the fact that the Federal Rules of Procedure have superseded the previously controlling Conformity Act. Procedure under the law of the states is no longer applicable. Sibbach v. Wilson

& Co., 312 U.S. 1, 10, 61 S.Ct. 422, 85 L. Ed. 479.

Appellant has not complied with Rule 9 of this court. He has failed to include in the record a statement of points setting out separately and particularly each error asserted. Inasmuch as the rule provides that no appeal shall be considered unless such a statement of points shall have been filed, we would be perfectly justified in dismissing the appeal. However, we have preferred to dispose of it on the merits.

The order is affirmed.