**50**

**Grace M. RHODES**

v.

**Charles C. COLLIER.**

Civ. A. 3599.

United States District Court
W. D. Louisiana, Monroe Division.
July 27, 1955.

Philip Watson, St. Joseph, La., Mc-Henry, Lamkin & Snellings, George M. Snellings, Jr., Monroe, La., for plaintiff.

Dhu & Lea S. Thompson, Monroe, La., Samuel J. Tennant, Jr., New Orleans, La., for defendant.

DAWKINS, District Judge.

This was an action sounding in damages for an alleged trespass on lands claimed by plaintiff, coupled with a prayer for an injunction filed January 21, 1952. Many motions and proceedings were had, but on July 30 of that year, Judge Porterie denied the preliminary injunction.

On September 26 of the same year, defendant filed an answer and reconventional demand which also included a plea to the jurisdiction ratione materiae.

Thereafter, beginning March 9, 1953, further proceedings were had before the writer and on May 7, 1955, the plaintiff filed a motion to dismiss the whole case, both as to the principal demand and the cross, or reconventional claim on the ground that defendant had died on the 24th day of April, 1953, and counsel had done nothing to make his heirs or legal representatives parties within the two years required by Rule 25(a) of Civil Procedure, 28 U.S.C.A. After due notice to counsel for defendant and cross-complainant, the last mentioned motion was duly set for trial and heard on June 30, 1955. Counsel for plaintiff in the motion appeared and Mr. Dhu Thompson, who had been associated in the case as local counsel, on notice from the Court, also appeared but stated that he knew little

about the matter which had been handled by Mr. Samuel J. Tennant, Jr., of New Orleans. Although duly and timely notified, as stated, of the hearing, the latter did not appear and the motion to dismiss was submitted by counsel for plaintiff and taken under advisement on briefs to be filed within fifteen days. The Court's minutes show that notice of this entry was mailed to Mr. Tennant on the same day, that is, June 30, 1955.

On June 23, 1955, one week prior to the hearing, counsel for plaintiff submitted memorandum of authorities in support of the motion, which bears the certificate that at the same time copy had been mailed to opposing counsel. Up to the present no brief has been filed by counsel for defendant and cross-complainant.

It thus appears that more than two years had elapsed from the death of defendant until the filing of the motion to dismiss. Rule 25(a) reads as follows:

"Rule 25. Substitution of Parties

"(a) Death.

"(1) If a party dies and the claim is not thereby extinguished, the court *within 2 years after the death* may order substitution of the proper parties. *If substitution is not so made, the action shall be dismissed as to the deceased party.* The motion for substitution may be made by the successors or representatives of the deceased party or by any party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district." (Emphasis added.)

This rule is mandatory and if the proper representative or representatives of the deceased are not made parties within the delay provided, the court has no choice but to dismiss the demand, in this instance the cross-claim. Plaintiff undoubtedly has the right to dismiss her own demand. Hofheimer v. McIntee, 7 Cir., 1950, 179 F.2d 789; Anderson v. Yungkau, 329 U.S. 482, 67 S.Ct. 428, 91 L.Ed. 436.

Accordingly, the motion to dismiss both the plaintiff's complaint and the cross-claim is sustained and the entire proceeding is dismissed.