**UNITED STATES of America, Plaintiff,**

v.

**ONE (1) 1979 MERCEDES 450SE VEHICLE ID NO. 116032–12–081839 LICENSE NO. MKS 706, Defendant.**

**No. 86–8470–CIV.**

United States District Court,
S.D. Florida.

Jan. 12, 1987.

Lynn D. Rosenthal, Asst. U.S. Atty., Miami, Fla., for U.S.

Glenn H. Mitchell, West Palm Beach, Fla., for claimant.

## ORDER ON MOTION TO STRIKE OR DISMISS, MOTION FOR PROTECTIVE ORDER, OBJECTIONS TO DISCOVERY, MOTION FOR EXTENSION OF TIME, REQUEST FOR WRIT, AND MOTION TO DISMISS

PAINE, District Judge.

This cause comes before the court on plaintiff's motion to strike or dismiss answer (DE 8) and motion to dismiss (DE 16), and claimant's motion for protective order, objections to discovery, motion for extension of time, and request for writ (DE 13).

### I. BACKGROUND

The United States instituted this action on August 14, 1986 by filing a complaint for forfeiture in rem against the defendant automobile, alleging that it was subject to forfeiture when it was used or attempted to be used to facilitate the transportation of cocaine in violation of 49 U.S.C. § 781 (1982) (DE 1). The complaint stated that the car had been seized by agents of the Drug Enforcement Administration (DEA) on September 25, 1984, nearly two years before this civil action was commenced. The Clerk issued a warrant of arrest in rem (DE 3) in accordance with the Supplemental Rules for Certain Admiralty and Maritime Claims. Return of service on the defendant vehicle was executed by an officer of the DEA, the possessor of the vehicle (DE 4), pursuant to the arrest warrant. The pleadings indicate that a copy of the complaint was mailed to claimant's attorney (DE 11).

On September 8, 1986, an "answer" to the complaint was filed by attorney Glenn H. Mitchell on behalf of J.C. Ainor, Inc. d/b/a Superior Auto Sales and/or Joseph Ainor (DE 5). The unverified answer stated that the respondents own or have an interest in the defendant vehicle and also set forth the defenses of laches and lack of probable cause. On September 30, Mitchell filed an "amended answer" which was the same as the answer but contained a certification by Mitchell that the amended answer was based on information furnished to him by Ainor and that everything in it was true and correct to the best of his knowledge and belief (DE 6). The certification also stated that Ainor is the officer of J.C. Ainor, Inc. and that Ainor was unavailable because he was incarcerated in federal prison and may have been en route to testify at a codefendant's trial. The certification also stated that Ainor had authorized Mitchell to file an answer in this cause.

### II. MOTION TO STRIKE OR DISMISS CLAIM

The Supplemental Rules require that, in cases such as this,

The claimant of property that is the subject of an action in rem shall file his claim within 10 days after process has been executed, or within such additional time as may be allowed by the court, and shall serve his answer within 20 days after the filing of the claim. The claim shall be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant

demands its restitution and the right to defend the action. If the claim is made on behalf of the person entitled to possession by an agent, bailee, or attorney, it shall state that he is duly authorized to make the claim....

Fed.R.Civ.P. C(6). Additionally, the Local Rules for the Southern District of Florida provide that:

Every complaint and claim in Supplemental Rules B, C and D actions shall be verified on oath or solemn affirmation by a party, or an officer of a corporate party. If no party or corporate officer is within the District or readily available, verification of a complaint, claim, answer to interrogatory or request for admission may be made by an agent, attorney-in-fact or attorney of record, who shall state briefly the sources of his knowledge, information and belief, declare that the document affirmed is true to the best of his knowledge, information and belief, state the reason why verification is not made by a party or a corporate officer, and that he is authorized so to act. Any interested party may move the Court, with or without a request for stay, for the personal oath of a party or all parties, or that of a corporate officer. If required by the Court, such verification shall be procured by commission or as otherwise ordered.

Local Admiralty Rule 8.

The Government moved to strike or dismiss the answer and amended answer for failure to comply with Supplemental Rule C(6) and Local Admiralty Rule 8 (DE 8, 9). As the Government correctly argued, no *claim* for the defendant had been filed as required by Supplemental Rule C(6). After Ainor had responded to the motion (DE 11) and the Government had replied (DE 12), a verified claim was finally filed on December 4, 1986 by Joseph C. Ainor, president of J.C. Ainor, Inc. d/b/a Superior Auto Sales, stating that Superior Auto Sales owned the vehicle (DE 14).

■ The filing of a claim is an essential element of standing to contest a forfeiture action. *United States v. One 1979 Oldsmobile-Cutlass Supreme*, 589 F.Supp.

477, 478 (N.D.Ga.1984). The court may grant a motion to strike an answer which is not preceded by a properly filed claim. *See United States v. Beechcraft Queen Airplane*, 789 F.2d 627, 629–30 (8th Cir.1986). A district court may in its discretion extend the time for the filing of a verified claim. *United States v. 1982 Yukon Delta Houseboat*, 774 F.2d 1432, 1435–37 (9th Cir.1985); Fed.R.Civ.P. C(6). Among the factors which have guided that discretion are the time at which the claimant became aware of the seizure, whether the Government encouraged the delay, the reasons proffered for the delay, whether the claimant had advised the court and the Government of his interest in defendant before the claim deadline, whether the Government would be prejudiced by allowing the late filing, the sufficiency of the answer in meeting the basic requirements of a verified claim, and whether the claimant timely petitioned for an enlargement of time. *See Beechcraft Queen*, 789 F.2d at 629–30; *Yukon Delta*, 774 F.2d at 1435–37; *United States v. United States Currency in the Amount of $2,857.00*, 754 F.2d 208, 215 (7th Cir.1985); *United States v. $149,345 United States Currency*, 747 F.2d 1278, 1282 (9th Cir.1984); *United States v. One 1978 BMW*, 624 F.Supp. 491 (D.Mass.1985); *United States v. Properties Described in Complaints*, 612 F.Supp. 465, 466–67 (N.D. Ga.1984), *aff'd*, 779 F.2d 58 (11th Cir.1985); *1979 Oldsmobile-Cutlass*, 589 F.Supp. at 478; *United States v. Fourteen (14) Handguns*, 524 F.Supp. 395, 397 (S.D.Tex.1981). One appellate court has stated that a district court

should only exercise its discretion to grant additional time where the goals underlying the time restriction and the verification requirement are not thwarted.

The purpose of the time limit is to force claimants to come forward as soon as possible after forfeiture proceedings have been initiated so that all interested parties can be heard and the dispute resolved without delay.

*Yukon Delta*, 774 F.2d at 1436.

■ Claimant asserts that the lack of personal service on the owner is a factor

favoring leniency in this case. The court disagrees. Although service on the person believed to be the owner has been cited by courts requiring strict compliance with Rule C(6), *see, e.g., Beechcraft Queen,* 789 F.2d at 629, the Supplemental Rules do not require such service, *see* Fed.R.Civ.P. C(4). In this case the Government exceeded the minimal requirements of the rules by furnishing the attorney of the last known owner with a copy of the complaint. Moreover, that attorney filed an answer on September 8, only a few weeks after process had issued. Thus, claimant or its attorneys knew of the forfeiture action and cannot now complain about service which met the requirements of law.

Claimant next argues that the answer and amended answer substantially complied with the material requisites of Supplemental Rule C(6) and Local Admiralty Rule 8. Claimant asserts that Rule 8 "clearly allows an attorney to file a verified answer and this was clearly certified by counsel in this case" (DE 11, at 2). This contention is unpersuasive in two respects. Rule 8 does permit an attorney to file an answer on behalf of a client in some circumstances, but it also allows an attorney to file a claim. A claim and not an answer should have been initially filed in this case. Moreover, certification is not equivalent to verification.

The court next considers whether the policies underlying the time limitation would be advanced by allowing late filing. If the purpose of the time limit is to force claimants to come forward as soon as possible to achieve speedy resolution of the dispute, *Yukon Delta,* 774 F.2d at 1436, the policy was albeit imperfectly fulfilled in this case. Contrary to claimant's assertion, its administrative claim was legally insufficient to meet the notice requirements. *See*

*generally United States Currency in the Amount of $2,857.00,* 754 F.2d 208. Moreover, the answers did not clearly advise the Government of the claimant's identity. The answers were filed by "J.C. Ainor, Inc. d/b/a Superior Auto Sales and/or Joseph Ainor" (DE 5, 6). Apparently, the Government was sufficiently confused that, in its reply to the response to its motion to strike, it invited the filing of a claim even at that late date (DE 12).[1] The actual claim was made by Joseph C. Ainor, president of J.C. Ainor, Inc. d/b/a Superior Auto Sales, and stated that Superior Auto Sales owned the vehicle.

A final and substantial factor counseling in favor of granting the motion to strike is the utter lack of reasons for the late filing of this claim. Claimant's attorney responded to the motion to strike with complaints about the lack of personal service and equitable arguments concerning the two-year lapse between seizure of the vehicle and institution of this action. Because claimant's attorney has never proffered one reason for the filing of a certified answer rather than a timely verified claim, the court is constrained to conclude that ignorance of the rules of procedure was the cause. In a pro se claimant, this would constitute excusable neglect. In an attorney, it constitutes unjustifiable negligence.

■ Notwithstanding, and with great reluctance, the court will extend the time for filing of the claim. Because the defendant property is a wasting asset, this case has been set for trial on January 26, 1987 since October 24, 1986 (DE 7). The parties have at least attempted to engage in discovery and have entered into a pretrial stipulation (DE 17). *See Yukon Delta,* 774 F.2d at 1436. The Government has not specifically

---

1. In that reply the Government stated:

> The undersigned Assistant United States attorney has spoken to Claimants' attorney and expressed her need to determine the true claimant in this case. The undersigned has gone as far as to offer assistance in gaining access to the claimant in jail. Absent a verified and proper claim, this case cannot proceed. The purpose of the Motion to Strike

and this reply is to make that point clear. If there is no claimant available to litigate this matter, the case should be dismissed. If there is a claimant, he should make himself known and available to litigate this case.

DE 12, at 3. The court interprets this not as a waiver of the motion to strike but as an attempt to clarify the identity of the claimant in view of the impending trial date.

shown prejudice resulting from the untimely revelation of the claimant's exact identity. In view of the fact that the parties have already expended time and money litigating this case, the court is reluctant to visit the sins of an attorney upon his client. For all of these reasons, the court denies the Government's motion to strike or dismiss (DE 8) and grants claimant's motion for an extension of time in which to file a claim (DE 13). The court will also permit the answer and amended answer (DE 5, 6) to be filed out of time.

### III. DISCOVERY DISPUTES

Claimant has moved for a protective order and for additional time to respond to discovery requests by the Government (DE 13). The Government counters by asking the court to impose the sanctions of dismissal of the claim with prejudice for discovery abuse.

On October 28, the Government filed fourteen requests for production of documents to J.C. Ainor, Inc. and nine requests to Joseph Ainor. On October 30, the Government served J.C. Ainor, Inc. with fourteen and Joseph Ainor with seven interrogatories. In the motion for protective order and objections to discovery filed December 4 (DE 13), claimant requests a protective order with respect to a deposition of Joseph Ainor and J.C. Ainor, Inc., stating that Ainor was in custody and unable to appear. The court through its law clerk telephoned counsel and was advised that the deposition had been cancelled, and thus the motion for protective order with respect to the deposition is denied as moot.

Having considered the positions of the parties with respect to the interrogatories and requests for production, the court thinks it advisable to schedule a discovery conference regarding these matters. Counsel having advised the court's law clerk of their availability, the conference will be held on *Wednesday*, January *14*, 1987, at 1:00 p.m., in Courtroom I, West Palm Beach, Florida.

### IV.

It is therefore

ORDERED and ADJUDGED that the Government's motion to strike or dismiss (DE 8) is denied. It is further

ORDERED and ADJUDGED that claimant's motion for extension of time in which to file a claim (DE 13) is granted. It is further

ORDERED and ADJUDGED that a copy of this order be sent to the Grievance Committee of the United States District Court for the Southern District of Florida with a recommendation that action be taken against attorney Glenn H. Mitchell, Florida Bar No. 239267, in the event of a further incident adversely reflecting upon his fitness to be a member of the bars of this court. It is further

ORDERED and ADJUDGED that claimant's motion for a protective order with respect to depositions to be held on December 10, 1986 (DE 13) is denied as moot. It is further

ORDERED and ADJUDGED that this cause is set for a discovery converence to be held on *Wednesday*, January *14*, 1987, at 1:00 p.m., in Courtroom I, West Palm Beach, Florida. It is further

ORDERED and ADJUDGED that ruling is reserved on plaintiff's motion to dismiss for discovery abuse (DE 16) and claimant's objections to discovery and request for writ (DE 13).