**UNITED STATES of America,**
**Plaintiff,**

v.

**ONE PARCEL OF REAL ESTATE AT 3850 S.W. 126th COURT, MIAMI, etc., Defendant.**

**No. 91–0096–CIV.**

United States District Court,
S.D. Florida,
Miami Division.

Aug. 18, 1997.

Arimentha R. Walkins, Asst. U.S. Atty., Miami, FL, for U.S.

Tomas Perez, Marianna, FL, pro se.

**ORDER**

EDWARD B. DAVIS, Chief Judge.

THIS MATTER is before the Court pursuant to the Mandate of the Eleventh Circuit Court of Appeals to rule on Tomas Perez's claim that he was not properly

notified of the forfeiture of the Defendant property in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The parties have now fully briefed the issue, and the Court has carefully reviewed the entire record. For the reasons cited below, the court finds that there was no due process violation necessitating review of its Final Judgment of Forfeiture.

## FACTUAL BACKGROUND

The United States filed its Complaint for forfeiture in rem on January 11, 1991. The government notified the record owner of the property, Juan Hernandez, by personally serving him with the complaint on February 1, 1991. Hernandez, who is Perez's father-in-law, did not make a claim on the property. On March 3, 1992, the Court entered its final judgment forfeiting the property to the United States.

More than a year later, in July 1993, Hernandez sent a letter to the Court in which he identified himself as the owner of the property and asked the Court to stay its sale.[1] The Court treated the letter as a motion to set aside the default judgment. After the parties briefed the issue, the Court denied Hernandez's motion on February 14, 1994.

On September 5, 1995, Perez move for relief from the final judgment. He asserted that (1) he was the true owner of the property and had not been properly notified prior to the forfeiture, and (2) the forfeiture violated the Constitution's Double Jeopardy Clause.[2] The Court denied Perez's motion on double jeopardy grounds, and Perez appealed. The Eleventh Circuit remanded the case for the Court to address his due process argument.

## DISCUSSION

■ Before forfeiting property either used in or representing the proceeds of illegal narcotics transactions, the government must give "written notice . . . . to each party who appears to have an interest in the seized article." *Torres v. $36,256.80 in U.S. Currency,* 25 F.3d 1154, 1160 (2d Cir.1994). A person claiming he was not properly notified of a forfeiture must first demonstrate an interest in the seized property sufficient to satisfy the Court of his standing as a claimant. *E.g., United States v. Five Hundred Thousand Dollars,* 730 F.2d 1437, 1439 (11th Cir.1984); *United States v. $280,505.00 U.S. Currency,* 655 F.Supp. 1487, 1494 (S.D.Fla.1986). The burden of establishing standing is on the claimant. *Five Hundred Thousand Dollars,* 730 F.2d at 1439; *$280,505.00,* 655 F.Supp. at 1494.

■ In order to demonstrate sufficient standing, a claimant must provide some evidence of ownership beyond his mere allegation that he has an interest in the property. *Torres,* 25 F.3d at 1158; *United States v. $38,570 U.S. Currency,* 950 F.2d 1108, 1113 (5th Cir.1992) ("a claimant is required to submit some additional evidence of ownership along with his claim in order to establish standing to contest the forfeiture").

■ In this case, Perez has not provided any evidence that he owns or has an interest in the property beyond the allegation in his motion and brief. In contrast, the record shows that at the time the government filed its Complaint, there was a warranty deed recorded in the Dade County Official Records listing Hernandez as the owner of the property. In addition, Hernandez stated in his pleadings that Perez had given him the property. Perez's unsupported allegation that he is the property's true owner is insufficient to contradict this evidence and establish standing to contest the forfeiture. *$38,570,* 950 F.2d at 1113. As Perez is unable to

---

**1.** In a later pleading, Hernandez indicated that Perez had given him the property as a gift.

**2.** The forfeiture stemmed from a criminal narcotics case in which Perez was convicted.

**1372**

demonstrate an interest sufficient to show he was entitled to pre-forfeiture notice, there was no due process violation.[3]

## CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Claimant Tomas Perez's Motion for Relief from Judgment of Forfeiture (D.E.# 29) is **DENIED** on the grounds that Perez's due process rights were violated.

DONE AND ORDERED.

---

**3.** Since no notice was required, the Court need not address the parties' arguments on whether notice was reasonably calculated un-der the circumstances to apprise the interested parties of the pendency of the forfeiture.