**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 24 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

  v.

2687 S. DEFRAME CIRCLE,
LAKEWOOD, COLORADO, with all
improvements, appurtenances,
fixtures, and attachments thereon, and
all rents, profits, and proceeds
therefrom,

       Defendant,

DONALD F. BIRKHOLZ, JR.,

       Claimant-Appellant,

and

DOLORES A. BIRKHOLZ;
SHEARSON LEHMAN MORTGAGE
CORPORATION, as servicing agent
for Security Pacific National Bank,

       Claimants.

No. 98-1390

D. Colo.

(D.C. No. 92-D-1869)

**ORDER AND JUDGMENT**  *

---

   * This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order

(continued...)

Before **HENRY** , **LUCERO** , and **MURPHY** , Circuit Judges.

This appeal arises out of the civil in rem forfeiture of 2687 South Deframe Circle, Lakewood, Colorado. The district court granted the government's motion for Entry of Judgment and Final Order of Forfeiture as to the appellant, Donald Birkholz, Jr., on the grounds that Mr. Birkholz's Answer and Affirmative Defenses to the forfeiture previously had been stricken for failing to comply with the procedural requirements of Rule C(6) of the Supplemental Rules Regarding Certain Admiralty and Maritime Claims. Mr. Birkholz argues on appeal that his failure to comply with Rule C(6) constitutes excusable neglect and that, therefore, the judgment against him should be set aside. For the reasons discussed below, we affirm the district court's decision to enter a final order of forfeiture as to Mr. Birkholz's interest in the defendant property.

## I. BACKGROUND

On February 21, 1992, Mr. Birkholz pleaded guilty to engaging in a mail fraud scheme, in violation of 18 U.S.C. § 1345. He was sentenced to twenty-

*(...continued)
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

seven months imprisonment and ordered to pay restitution to the victims of his scheme in the amount of $60, 869.89.

On September 22, 1992, the government filed a Verified Complaint for Forfeiture In Rem against 2687 South Deframe Circle, Lakewood, Colorado ("the defendant property"), alleging that the property had been used to facilitate money laundering and mail fraud, and represented the proceeds of those activities. On the same day Magistrate Judge Borchers signed an Order for Arrest of Property In Rem. Mr. Birkholz was served with the warrant on October 22, 1992.

On October 30, 1992, Mr. Birkholz and Delores Birkholz (Mr. Birkholz's mother), proceeding pro se, filed an unverified "Claim by Property Owner." On December 4, 1992, the owners filed an untimely "Notice of Appearance," and on December 29, 1992, Mr. Birkholz filed an "Answer and Affirmative Defenses" (the Answer). The government then filed a motion to strike the Answer, arguing that the initial claim was unverified and the Answer had not been filed within the time constraints of Rule C(6) of the Supplemental Rules Regarding Certain Admiralty and Maritime Claims ("Supplemental Rule C(6)"). In reply, Mr. Birkholz filed a pro se motion in opposition to the government's motion.

On August 31, 1994, Judge Nottingham conducted a hearing on these outstanding motions, as well as others. The court allowed Mr. Birkholz, still proceeding pro se, to present the merits of his defense to the forfeiture. Mr.

Birkholz's sole defense was that he purchased the defendant property with legitimate funds and not with proceeds from any illegal activities. [1] He further explained that he could prove this defense with receipts of legitimate sales transactions which were contained in five boxes of records that remained in the government's possession after being subpoenaed during Mr. Birkholz's criminal case. Judge Nottingham, having presided over Mr. Birkholz's criminal case, stated that Mr. Birkholz had "made various claims as to what those records contained" when challenging "how much restitution was owed, and those claims proved to be false." Aplt's App., Tr. of Aug. 31, 1994 Motions Hr'g, at 18. Having found Mr. Birkholz presented no meritorious defense to the forfeiture, the court issued an oral ruling granting the government's motion to strike the Answer for failing to comply with the procedural requirements of Supplemental Rule C(6). Judge Nottingham agreed with Ms. Birkholz's attorney's characterization of his ruling that Mr. Birkholz was now "out of the case in asserting any claim whatsoever." Aplt's App., Tr. of Aug. 31, 1994 Motions Hr'g, at 19. However,

---

[1] Mr. Birkholz raises a variety of alternative defenses to the forfeiture action in his appellate brief that were not presented to the district court when it struck Mr. Birkholz's Answer. Accordingly, we do not consider these arguments here. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992) (stating that pro se litigants must follow the same rules of procedure that govern other litigants); see also Ferris v. Santa Clara County, 891 F.2d 715, 719 (9th Cir. 1989).

Judge Nottingham did not issue a final written judgment of forfeiture as to Mr. Birkholz.

On September 8, 1994, the United States filed a Motion for Entry of Judgment and Final Order of Forfeiture as to Certain Parties and Interest pursuant to Federal Rule of Civil Procedure 54(b). It requested the court to enter a final order of forfeiture as to Mr. Birkholz. On February 2, 1995, Mr. Birkholz filed a pro se Motion to Dismiss the In Rem Action.

The district court referred these motions to a magistrate judge. The magistrate judge recommended that Mr. Birkholz's motion to dismiss be denied on grounds that Judge Nottingham had stricken Mr. Birkholz's Answer at the August 31, 1994 hearing and that, as a result, Mr. Birkholz had no standing to assert any further claims in this case. Finding no reason for delay in entering final judgment as to Mr. Birkholz's claims, the magistrate judge also recommended that the court grant the government's Motion for Entry of Judgment and Final Order of Forfeiture as to Mr. Birkholz.

On August 21, 1998, Judge Wiley Y. Daniel issued an Order Affirming and Adopting the Magistrate Judge's Recommendation. He agreed that, pursuant to Judge Nottingham's in court ruling striking Mr. Birkholz's Answer and Affirmative Defenses as untimely, Mr. Birkholz had no right to assert any further claims. Judge Daniel also noted that, even if the court were to review the merits

of Mr. Birkholz's claim, it would still fail.  He found that Mr. Birkholz's primary claim, as asserted in his Motion to Dismiss the In Rem Action, was that the civil forfeiture constituted punishment and, therefore, violated the Double Jeopardy Clause of the Fifth Amendment.  He rejected this claim, reasoning that it was precluded by <u>United States v. Ursery</u>, 518 U.S. 267, 291-92 (1996).  Judge Daniel, therefore, granted the government's Motion for Entry of Judgment and Final Order of Forfeiture as to Mr. Birkholz. [2]

## II.  DISCUSSION

Supplemental Rule C(6) provides that a claimant "shall file a claim within 10 days after process has been executed, or within such additional time as may be allowed by the court, and shall serve an answer within 20 days after the filing of the claim."  Any claim filed must also be verified in order to protect against false

---

[2] The government initially argued that Mr. Birkholz's appeal to this court is untimely because it was lodged on October 15, 1998, over four years after his claim was stricken by Judge Nottingham at the August 31, 1994 hearing.  However, the government subsequently sought to withdraw this argument.

We grant the government's request to withdraw its jurisdictional argument.  The procedural posture in this case is unique.  Although Judge Nottingham orally struck Mr. Birkholz's Answer as untimely, he never entered a final judgment of forfeiture as to Mr. Birkholz.  Thus, the time for appeal did not begin to run against Mr. Birkholz until August 21, 1998, when Judge Daniel issued the written order granting the government's Motion for Entry of Judgment and Final Order of Forfeiture as to Mr. Birkholz.  <u>See</u> Fed. R. Civ. P. 58, 54(b).  The appeal, therefore, is timely.  <u>See</u> Fed. R. App. P. 4(a)(1)(B).

-6-

claims.   See United States v. 51 Pieces of Real Property, Roswell, N.M.    , 17 F.3d 1306, 1318 (10th Cir. 1994).

Here, the warrant was executed on October 22, 1992, and Mr. Birkholz filed a claim to the property on October 30, 1992.      See Aplt's App., doc. 5. Although the claim was timely, it was unverified.      See id.  Mr. Birkholz then failed to file an answer until December 29, 1992, over a month beyond the twenty-day time limit.    See id., doc. 12.

In his appellate brief (filed by counsel), Mr. Birkholz "asks that this Court set aside the default judgment and remand the case back to the District Court so [he] can file an answer in the forfeiture action."  Aplt's Br. at 19.  Specifically, he argues that the following three factors warrant setting aside the default judgment: (1) his failure to comply with the procedural requirements of Supplemental Rule C(6) was not wilfull, but the result of excusable neglect, (2) setting aside the default judgment would not prejudice the government, and (3) he has meritorious defenses to forfeiture of the defendant property.

We review a district court's denial of a late claim in a civil forfeiture action for abuse of discretion.    See 51 Pieces of Real Property    , 17 F.3d at 1318.  For the reasons set forth below, we conclude there was no such abuse here.

First, courts have held that "[i]t is not an abuse of discretion for the district court to require strict compliance with Supplemental Rule C(6)."       United States v.

One Parcel of Property, 959 F.2d 101, 104 (8th Cir. 1992); see also United States v. One Dairy Farm, 918 F.2d 310, 312 (1st Cir. 1990); United States v. United States Currency in the Amount of $2,857.00, 754 F.2d 208, 212-13 (7th Cir. 1985); United States v. One 1978 Piper Navajo PA-31 Aircraft, 748 F.2d 316, 319 (5th Cir. 1984). There is no dispute that Mr. Birkholz failed to comply with the requirements of Supplemental Rule C(6) by filing an unverified claim and a late answer. See United States v. $3, 817.49, 826 F.2d 785, 787 (8th Cir. 1987) (affirming district court's denial of motion to set aside default judgment where appellant filed an unverified claim and a late answer). Additionally, the fact that Mr. Birkholz was proceeding pro se at the time he filed the claim to the defendant property does not, by itself, excuse his noncompliance with the procedural rules. See Green, 969 F.2d at 917; United States v. Three Parcels of Real Property, 43 F.3d 388, 392 (8th Cir. 1994) ("Procedural default is not excused merely because claimants are proceeding pro se.").

Second, this is not a case in which a balance of the equities favors mitigation and warrants a more liberal construction of Supplemental Rule C(6). See 51 Pieces of Real Property. 17 F.3d at 1318 (citing United States v. Borromeo, 945 F.2d 750, 753 (4th Cir. 1991)); see also United States v. Beechcraft Queen Airplane Serial No. LD-24, 789 F.2d 627, 630 (8th Cir. 1986) (stating that a more liberal approach would be appropriate in light of mitigating

circumstances). Although Mr. Birkholz may have made a good faith effort to comply initially with Rule C(6), the government would be severely prejudiced if Mr. Birkholz were allowed to file a claim almost eight years after the government filed its complaint for in rem forfeiture of the defendant property. See United States v. Currency in the Amount of $103, 387.27, 863 F.2d 555, 561 (7th Cir. 1988) (citing United States v. One (1) 1979 Mercedes 40 SE, 651 F.Supp. 351, 353 (S.D.Fla. 1987)) (stating that prejudice to the government is a factor to be considered when deciding whether to allow a litigant to file a late claim). Moreover, Mr. Birkholz has failed to direct our attention to any portion of the record that refutes Judge Nottingham's rejection of his primary defense to the forfeiture: that he paid for the defendant property with legitimate funds. Cf. One 1978 Piper Navajo PA-31 Aircraft, 948 F.2d at 319 (finding conclusory allegations of a meritorious defense insufficient to excuse failure to comply with procedural rules governing forfeiture).

Also, Mr. Birkholz was properly served and he had actual notice of the verified forfeiture complaint. See Borromeo, 945 F.2d at 753. In his motion opposing the government's motion to strike his Answer, Mr. Birkholz stressed that he was incarcerated at the time the forfeiture complaint was filed. See Aplt's App., doc. 14. However, he admits that he received a copy of the verified complaint for forfeiture in rem and the warrant for arrest of the property. See id.

The warrant for arrest of the property in rem explicitly stated the proper time requirements for filing a claim and answer. See id. at doc. 2.

Finally, the insufficiency of Mr. Birkholz's untimely Answer (even construed with the utmost liberality), see One (1) 1979 Mercedes 450 SE, 651 F. Supp. at 353; Aplt's App., doc. 12, the fact that Mr. Birkholz never requested an enlargement of time to file his Answer, see id., and the lack of any indication that the government encouraged the delay or misled Mr. Birkholz, see Borromeo, 945 F.2d at 753, also support the court's initial decision to strike the Answer for failing to comply with Rule C(6) and its subsequent decision to enter a final order of forfeiture as to Mr. Birkholz's interest in the property.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's decision to enter a final order of forfeiture as to Mr. Birkholz on the grounds that the court had already struck his claim for failing to comply with the procedural requirements of Rule C(6).

Entered for the Court,

-10-

Robert H. Henry
Circuit Judge