**UNITED STATES of America, Plaintiff,**

v.

**16 PARCELS OF REAL PROPERTY, Defendant.**

**No. 00–10064–CIV.**

United States District Court, S.D. Florida. Miami Division.

Sept. 16, 2003.

---

William C. Healy, AUSA, Miami, FL, for U.S.

Juan Luis Quintana, Quintana & Associates, Coral Gables, FL, for Fabio Quinones, Nereida U. Quinones.

Andrea Shaye Margalli, Esq., Jiulio Frank Margalli, Esq., The Margalli Law Office, P.A., Key West, FL, for Beth Fernandez.

Andrea Shaye Margalli, Esq., The Margalli Law Office, P.A., Key West, FL, for Jose Ramon Fernandez.

Andrea Shaye Margalli, Esq., Jiulio Frank Margalli, Esq., The Margalli Law Office, P.A., Key West, FL, Montgomery Blair Sibley, Washington, DC, for Olga Fernandez.

Bruce Allan Alter, Esq., Miami, FL, Andrea Shaye Margalli, Esq., Jiulio Frank Margalli, Esq., The Margalli Law Office, P.A., Key West, FL, for Ramon Fernandez.

## ORDER AFFIRMING REPORT AND RECOMMENDATION

JAMES LAWRENCE KING, District Judge.

THIS CAUSE is before the Court upon Magistrate Judge John O'Sullivan's September 3, 2003, Report and Recommenda-

tion ("R & R") recommending that the Motion to Dismiss Plaintiff's Claim[1] be denied, and that Plaintiff's Motion for Summary Judgment be granted. On September 9, 2003, the Representatives filed their Objections. On September 10, 2003, Plaintiff filed its Response.

Section 636(b)(1) of the Federal Magistrate's Act requires this Court to make a *de novo* determination of those parts of the Magistrate Judge's R & R to which objection is made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512–13 (11th Cir.1990).

The Court concludes that the R & R contains a thorough and well-reasoned recommendation that satisfactorily addresses all the arguments the Representatives raised in their Objections. The Motion to Dismiss must be denied, and Plaintiff's Motion for Summary Judgment must be granted, because the Representatives lack standing to move for dismissal or contest Plaintiff's case. The Representatives lack standing because their predecessor in interest failed to become a party. The Court sympathizes with the Representatives, because their predecessor in interest failed to become a party solely because an attorney failed to submit a timely verified claim. However, the attorney's negligence does not affect the Representatives' status. When would-be parties seek to claim an interest in the subject property and join an in rem case, courts require strict compliance with Rule C(6)(a)(i)(A) of the Supplemental Rules for In Rem Actions. Courts have permitted belated claims under certain extreme circumstances, but courts have not allowed an attorney's negligence

to excuse an untimely claim. *E.g., U.S. v. Commodity Account No. 549 54930 at Saul Stone & Co.*, 219 F.3d 595, 598 (7th Cir.2000).

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Magistrate Judge O'Sullivan's September 3, 2003,R & R be, and the same is hereby, AFFIRMED and ADOPTED. It is further

ORDERED and ADJUDGED that the Representatives' Motion to Dismiss be, and the same is hereby, DENIED. It is further

ORDERED and ADJUDGED that Plaintiff's Motion for Summary Judgment be, and the same is hereby, GRANTED.

### *REPORT AND RECOMMENDATION*

O'SULLIVAN, United States Magistrate Judge.

THIS CAUSE came before the Court on defendant 16 Parcels of Real Property Motion to Dismiss (DE # 82 9/17/01) and plaintiff's Motion for Summary Judgment (DE # 83, 9/18/01). The motions were referred to the undersigned by the Honorable James Lawrence King pursuant to 28 U.S.C. § 636. The undersigned heard oral argument on these motions on September 2, 2003. Upon a review of the motions' pleadings, oral argument, and applicable law, the undersigned respectfully **REC-OMMENDS** that defendant's motion to dismiss be **DENIED** and that summary judgment be **GRANTED** in favor of plaintiff. All other pending motions should be **DENIED** as moot.

---

**1.** The only true Defendant in this case is the 16 Parcels of Real Property. Plaintiff's underlying claim is a forfeiture action brought against those properties, which were formerly owned by Ramon Fernandez, who is now deceased. It was Mr. Fernandez's personal representatives and successors in interest ("the Representatives") who moved to dismiss Plaintiff's claim and objected to the R & R.

## I. INTRODUCTION

Plaintiff, the United States of America, seeks forfeiture of defendant properties identified as numbers 1–16, pursuant to 21 U.S.C. § 881(a)(6), properties numbered 1–7 and 9–16 pursuant to 21 U.S.C. § 2461(a)(6), and property number 8 pursuant to 21 U.S.C. § 881(a)(7). On August 2, 2000, Ramon Fernandez ("Fernandez") was charged in a six count indictment for allegedly violating various provisions of the Controlled Substances Act, 21 U.S.C. § 841 *et seq.* On February 21, 2001, Fernandez entered a plea of guilty as to counts one, five, and six of the indictment. On April 22, 2001, Fernandez died while incarcerated at the Monroe County Corrections Center. He was awaiting sentencing pursuant to his plea of guilty at the time of his death.

The instant action was filed on August 22, 2000 alleging that Fernandez must forfeit the defendant property because the defendant property constitutes a thing of value furnished or intended to be furnished in exchange for controlled substances, or proceeds traceable thereof, and/or was used, or intended to be used, in any manner or part, to commit or facilitate the commission of a violation of 21 U.S.C. § 801 *et seq.* Fernandez was the owner of record for defendant property. The Honorable Norman C. Roettger ordered the Clerk of the Court to issue a summons *in rem* for each of the 16 Parcels on September 5, 2000 (DE # 20). Return of service of summons on each of the 16 Parcels was executed in November, 2000 (DE # 37–48, 52–55). On November 17, 2000 Fernan-

dez, through his attorney, filed an answer to the complaint (DE # 50) but did not file a verified claim.

Plaintiff filed its proof of notice of this action on January 25, 2001 (DE # 57–58). The notice was published in the *Miami Daily Business Review.* On June 7, 2001 counsel for Fernandez filed a "Suggestion on Record of Party's Death of Ramon Fernandez" with the Clerk of the Court (DE # 62). On February 4, 2002 counsel for the personal representatives of Fernandez filed a "Motion for Leave to File Verified Claim of Ramon Fernandez and to Treat Same as Timely Filed" (DE # 113).

## II. MOTION TO DISMISS

Fernandez requests the Court to dismiss the cause pursuant to F.R. Civ. P. 25(a).[1] On June 7, 2001 counsel for Fernandez filed a Suggestion of Fernandez's death (DE # 62). The personal representatives of Fernandez, who have brought forth the instant motion, assert that they "are not claimants" in the instant motion.

 At the outset, the Court notes that counsel for Fernandez and his estate state that they represent defendant 16 Parcels of Real Property. A civil forfeiture cause of action, however, is an " 'in rem action brought against seized property pursuant to the legal fiction that the property itself is guilty of facilitating a crime.' " *United States v. One (1) 1983, Fifty–Seven Foot (57') Gulfstream Vessel, etc.,* 640 F.Supp. 667, 672 (S.D.Fla.1986); *see also United States v. Two Parcels of Real Property Located at 101 N. Liberty St. and 105*

---

1. Rule 25(a)(1) states "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party." F.R. Civ. P. 25(a)(1).

*Liberty Street in Clanton, Chilton County, Ala.,* 80 F.Supp.2d 1298, 1304 (M.D.Ala. 2000). While counsel indicates that "defendant" filed the instant motion, the property itself is not bringing forth the requested relief. Rather, counsel representing Ramon Fernandez and the successors and representatives of Fernandez's estate petition the Court for the relief sought.

■ Fernandez and his successors assert that the instant action should be dismissed because plaintiff did not file a motion for substitution of parties within 90 days of the suggestion of death of Ramon Fernandez. *See* F.R. Civ. P. 25(a)(1). They claim that since the suggestion of death was docketed on June 7, 2001 and 90 days had passed without a motion for substitution of party being filed by plaintiff, the lawsuit must be dismissed. *See Hofheimer v. McIntee et al.,* 179 F.2d 789, 791 (7th Cir.1950) (court held that Federal Rules of Civil Procedure mandate that substitution of deceased party must be made within period of time stated in the rules or the court shall dismiss the action as to the deceased party); *see also Cheramie v. Orgeron,* 434 F.2d 721, 725 (5th Cir.1970) (estate and heirs not parties to litigation were not required to act affirmatively to file a motion to substitute parties or to intervene to seek dismissal of case as to decedent).

The circumstances in the instant case, however, can be distinguished from those in *Cheramie* and *Hofheimer.* As discussed more thoroughly below, the defendant in this case is real property. Fernandez, as the owner of record for the property, failed to follow the requisite procedures to become a claimant in the case. In *Cheramie,* the Fifth Circuit addressed the issue of whether the district court should enter an order substituting for the deceased defendant those parties representing deceased defendant's interests. *Cheramie,* 434 F.2d at 724–25. The court already

had jurisdiction over the deceased defendant, as a judgment had been entered against him in a patent infringement case. *See id.* at 723. Similarly, in *Hofheimer,* the Seventh Circuit addressed the issue of whether the lower court appropriately dismissed the lawsuit when "no action of any kind" occurred for more than two years after plaintiff's death. *Hofheimer,* 179 F.2d at 790. Plaintiff's standing to bring forth the cause of action to recover preferred and common stock from a company was not at issue.

■ Here, questions as to forfeiture procedural rules and claimant's standing are at issue. Fernandez and his successors fail to consider that they are not entitled to more than what Fernandez would have been entitled to as the owner of record for defendant property were he still alive. The burden of establishing standing is on the claimant, and a "claimant must provide some evidence of ownership beyond his mere allegation that he has an interest in the property." *U.S. v. One Parcel of Real Estate at 3850 S.W. 126th Court, Miami,* 39 F.Supp.2d 1370, 1371 (S.D.Fla.1997). Courts have consistently required claimants to follow the language of the Supplemental Rules governing forfeitures to the letter. *See United States v. $38,000.00 in United States Currency,* 816 F.2d 1538, 1547 (11th Cir.1987); *see also U.S. v. Three Parcels of Real Property,* 43 F.3d 388, 391 (8th Cir.1994) ("district courts may require claimants in forfeiture proceedings to comply strictly with Rule C(6) in presenting their claims to the court").

Fernandez, as the owner of defendant property, was required to file a "verified statement identifying his interest" in the property within "20 days after the earlier of (1) the date of service of the Government's complaint or (2) completed publication of notice under Rule C(4)." *See* Supp.

R. For In Rem Actions C(6)(a)(i)(A).[2] Although a prior attorney filed an answer on Fernandez's behalf (DE # 50), he did not file a verified claim. As Fernandez has failed to strictly comply with the language of the Supplemental Rules, Fernandez and his successors lack standing to contest the instant action.

Likewise, it is difficult to understand how the successors and representatives, who allege that they are not claimants in ¶ 2 of the instant motion, have standing to contest this action. If Fernandez himself attempted but failed to acquire standing in this action, then surely his successors and representatives, who do not dispute that they are *not* claimants, fail to have the requisite standing to proceed in a forfeiture case. Therefore, for the foregoing reasons, it is RECOMMENDED that the motion to dismiss be DENIED.

### III. MOTION FOR SUMMARY JUDGMENT

#### 1. Summary Judgment Standard

Summary judgment is appropriate only where there is no genuine issue as to any material fact and where the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A party who moves for summary judgment must demonstrate that there are no genuine disputes as to any material facts with respect to issues for which that party bears the burden of proof at trial. As to issues for which the non-moving party bears the burden, the movant need only establish that, after adequate time for discovery, there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In determining whether the movant has met these burdens, the court must view the evidence and all permissible factual inferences in a light most favorable to the non-moving party. *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The non-movant, for its part, "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586, 106 S.Ct. 1348; *Samples v. City of Atlanta,* 846 F.2d 1328, 1331 (11th Cir.1988). Rather than merely alleging the existence of some factual dispute, the non-moving party must rebut any facts properly presented by way of affidavits or other evidence demonstrating the existence of a genuine and material issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Allen v. Tyson Foods, Inc.,* 121 F.3d 642, 646 (11th Cir.1997). Thus, to survive a motion for summary judgment, the non-moving party must come forward with specific evidence of every element material to his case so as to create a genuine issue for trial. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548.

#### 2. Discussion

The government asserts that summary judgment should be granted because Fernandez never filed a verified claim in this matter. Verification of a claim is an "essential element" due to the substantial danger of false claims. *See United States v. Commodity Account No. 549 54930,* 219 F.3d 595, 597 (7th Cir.2000) (internal quotations omitted). By requiring an oath or

---

**2.** The 2002 Amendment to this rule change the time for filing a verified statement to 30 days. The local rules for this district require an "oath or solemn affirmation by a party." for a verified claim. *See* Local Rules for the Southern District of Florida C(1) and A(5).

affirmation in the verification of a claim, the claimant places himself at "risk for perjury for false claims." *Id.* As discussed above, courts have strictly enforced the procedural requirements in civil forfeiture proceedings. *See supra* p. 1311; *see also United States v. One (1) 1979 Mercedes 450SE Vehicle ID No. 116032–12–081839 License No. MKS 706,* 651 F.Supp. 351, 353 (S.D.Fla.1987) (court may grant motion to strike an answer which is not preceded by a properly filed claim). Counsel for the personal representatives of Fernandez do not dispute that Fernandez has not complied with the verified claim requirements.

Rather, the unusual situation has occurred where prior counsel for Fernandez filed an affidavit after the instant motion was fully briefed. The affidavit states that Fernandez indeed executed a document entitled "Ramon Fernandez's Verified Claim of Property" and that due to an "oversight," the verified claim was "inadvertently" not filed along with Fernandez's November 7, 2000 answer. *See* Affidavit ¶¶ 4 & 5 (DE # 115). The personal representatives of Fernandez now argue that the Court should not grant plaintiff's motion for summary judgment on the lack of verified claim grounds and assert that the Court should consider the verified claim as timely filed since Fernandez allegedly timely executed the document on November 7, 2000. *See* Supp. R. For In Rem Actions C(6)(a)(i)(B).[3]

As counsel for Fernandez's personal representatives illustrate, this district has permitted claimants to file their verified claims outside the timeline provided in the forfeiture procedural rules. *See One Mercedes,* 651 F.Supp. at 354. In that case, the court looked at several factors, including prejudice to the government, whether claimant timely petitioned for an enlargement of time, the time at which the claim-

ant became aware of the seizure, and the reasons for the delay. *See id.* at 353. Ultimately, the Court concluded, with "great reluctance," that an extension for filing the verified claim should be granted since the defendant property was a "wasting asset," the parties engaged in discovery, a trial date was set, and the government had not "specifically shown prejudice resulting from the untimely revelation." *Id.* at 354–55.

■ The same cannot be said for the facts and circumstances in the present case for at least several reasons. Unlike *One Mercedes,* where the Court stated that "the Government has not specifically shown prejudice..." plaintiff has demonstrated prejudice because the government is unable to confront Fernandez. *One Mercedes,* 651 F.Supp. at 354–55. Fernandez is the essential witness in this forfeiture action, and plaintiff's inability to question him due to his death causes the government substantial prejudice. Next, unlike an automobile, real property cannot be said to be a wasting asset. Further, prior counsel is listed on the certificate of service attached to plaintiff's motion for summary judgment which was filed in September, 2001. Having received the motion for summary judgment in September, the verified claim was not brought to the Court's attention until more than four months later.

Counsel for Fernandez's personal representatives also point to *United States v. $347,542.00. etc.,* 2001 WL 335828 (S.D.Fla. 2001) as a more recent example where this district has permitted claimants to file their verified claims outside the timeline provided in the forfeiture procedural rules. In that case, the Court allowed the claimant additional time to file his verified claim because the claimant "promptly" corrected

---

**3.** Verified statement may be filed "within the time that the court allows."

his original deficient claim by filing an amended claim out of time.[4] *Id.* at *2. Unlike *$347,542.00*, where the motion to file an amended claim was filed six days after the government filed its motion to dismiss, Fernandez's personal representatives did not file their Motion for Leave to File Verified Claim until more than four months later. Additionally, the *$347,542.00* court did not discuss the factors set forth in *One Mercedes*.

Due to Fernandez's death, the government would incur substantial prejudice if the verified claim was to be allowed to be filed at this late date. The prejudice does not necessarily emanate from the late filing of the verified claim but rather from Fernandez's death which occurred subsequent to the time the verified complaint should have been timely filed. The government is now without the ability to depose Fernandez and obtain evidence which only he may have regarding his purchase and usage of the subject property. The Court is satisfied that the facts here are dissimilar from those in *One Mercedes* and *$347,542.00*. The undersigned declines to extend the time allowed for filing a verified claim. As it is undisputed that Fernandez failed to comply with the procedural rules governing forfeitures, he lacks standing to contest this action.

It is RECOMMENDED that plaintiff's motion to for summary judgment be GRANTED in favor of plaintiff.

### CONCLUSION

In accordance with the foregoing it is hereby

1. **RECOMMENDED** that the motion to dismiss (DE # 82) be **DENIED**.

2. **RECOMMENDED** that plaintiff's motion for summary judgment (DE # 83) be **GRANTED**.

3. All other pending motions should be **DENIED** as moot. Normally, the parties may serve and file written objections to this Report and Recommendation with the James Lawrence King, United States District Judge, within ten (10) days of receipt. *See* 28 U.S.C. § 636(b)(1)(c); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir.1982). However, the instant matter is set as the number two case on Judge King's trial calendar beginning September 8, 2003. Due to the upcoming trial date, the parties shall file any objections on or before 5:00 p.m. on Thursday, September 4, 2003. Copies of any objections shall be hand delivered or faxed to Judge King's chambers and opposing counsel.

---

4. Even so, the Court noted that "[w]here a party disregards the requirement of Supp. Rule C(6), dismissal of the claim by the district court is normally the result." *United States v. $347,542.00, etc.*, 2001 WL at *2.