[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**May 28, 2004**
**THOMAS K. KAHN**
**CLERK**

No. 03-15319
Non-Argument Calendar

_____

D. C. Docket No. 03-20526-CV-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

$125,938.62, Proceeds of
certificates of deposit number
1271734730,
$60,851.73, number 1271736329,

Defendants,

ARNOLDO JOSE ALEMAN CARDENAL,
ANA EUGENIA FLORES,
NORMA L. FLORES,
JOSE GRULLON,
MARIA DOLORES ALEMAN CARDENAL,
CARLOS MIGUEL ALEMAN CARDENAL,
MARIA ALEJANDRA ALEMAN CARDENAL,

Claimants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

**(May 28, 2004)**

Before BLACK, BARKETT and GODBOLD, Circuit Judges.

PER CURIAM:

This case concerns the exercise of judicial discretion in cases involving civil forfeiture. The United States government filed a civil complaint for forfeiture *in rem* against the appellants. The putative claimants individually filed verified claims. A magistrate judge made a report to the district court recommending that the verified claims be deemed untimely. The district court adopted the report. The putative claimants now appeal alleging that the district court abused its discretion in striking their Second Amended Verified Claims. We reverse and remand.

In March 2003 the government filed a civil complaint for forfeiture *in rem* against proceeds invested in eight certificates of deposits. The amended forfeiture complaint alleged that the deposits were subject to forfeiture pursuant to 18 U.S.C. §981(a)(1)(C) and (a)(1)(B) because they were traceable to specified unlawful activity and/or obtained directly or indirectly from an offense against a foreign nation. The amended complaint specified the eight names under which the

2

deposits were made. On April 25, 2003, counsel for the claimants filed a Verified Claim on behalf of the eight putative claimants. The government moved to strike, alleging that the Verified Claim was (1) untimely, (2) that it did not comport with Supplemental Rule C(6) for Admiralty and Maritime Claims because it was not verified by a claimant, and (3) that it was not properly verified by claimants' attorney in accordance with Southern District of Florida Local Admiralty Rules A(5) and B(2). In response, on April 28, 2003 one of the eight putative claimants/deposit-holders flew to Florida from Nicaragua and with counsel's aid filed an Amended Verified Claim on her own behalf and on behalf of the other claimants, all of whom are members of her family.

On May 9, 2003 the district court issued an Omnibus Order. The court held that the April 25, 2003 Verified Claim filed by counsel was untimely and failed to comply with the verification requirements of Local Admiralty Rules A(5) and B(2). It further held that, although the claimant's Amended Verified Claim filed on her own behalf and on behalf of her family members was untimely, the court would exercise its discretion and extend the filing date to include the Amended Verified Claim. The court noted, however, that the Amended Verified Claim failed to be sufficiently specific and that it was not properly verified by the absent putative claimants as required by 18 U.S.C. §983(a)(4)(A), Supplemental Rules

3

C(6)(a)(i) and Local Admiralty Rules A(5) and B(2). Therefore the court accepted the Amended Verified Claim only as to the individual claimant who had filed the Amended Verified Claim and struck the portion of the Amended Verified Claim that was made on behalf of her family members. The individual claimant is not a party to this appeal.

On May 16, 2003, the remaining seven putative claimants each, individually, filed a Motion Requesting Leave to File a Second Amended Verified Claim and a Second Amended Verified Claim. On May 21, 2000 the government sought to strike the Second Amended Verified Claims on the sole ground that they were untimely. The government has not alleged that there were any other technical defects with these filings. On May 21, 2003 the appellants filed a Motion to Dismiss. On May 23, 2003 the district court, pursuant to 28 U.S.C. §636, assigned all pretrial proceedings to a magistrate judge. On May 28, 2003 the magistrate judge scheduled a hearing set for June 17, 2003 to address the claimants' Motion to Dismiss and the government's contention that the claimants' claims were invalid because the Second Amended Verified Claims were untimely. Transcript of the June 17, 2003 shows, however, that the magistrate judge concluded the hearing after presiding over the issue regarding the appellants' Motion to Dismiss but before addressing the issue of the validity of those persons as claimants.

4

On July 7, 2003 the magistrate issued his Report and Recommendation that the claimants' Motion to Dismiss be denied. On August 6, 2003 the magistrate issued another Report and Recommendation that the seven putative claimants' Second Amended Verified Claims be stricken as untimely.[1] The district court adopted both reports on September 16, 2003.

The only issue before this court is whether the court abused its discretion in striking the Second Amended Verified Claims filed by the seven putative plaintiffs on May 16, 2003. We review under an abuse of discretion standard the district court's denial of a claimant's motion to file an untimely-verified claim in a civil forfeiture case. U.S. v. 51 Pieces of Real Property, 17 F.3d 1306, 1318 (10th Cir. 1994); 12 C. WRIGHT & A. MILLER ET. AL., FEDERAL PRACTICE & PROCEDURE, CIVIL §3223 (2004). "When employing an abuse of discretion standard, 'we must affirm unless we at least determine that the district court has made a clear error of judgment, or has applied an incorrect legal standard.'" Alexander v. Fulton County, Ga., 207 F.3d 1303, 1326-27 (11th Cir. 2000) (quoting SunAmerica Corp. v. Sun Life Assurance Co. of Canada, 77 F.3d 1325, 1333 (11th Cir. 1996)). We

---

[1] The magistrate judge noted that the claimants Second Amended Verified Claim is effectively a request for extension of time to file a claim since the claimants cannot amend a claim that has been previously ruled as improperly asserted U.S. v. Properties Described in Complaints: 764 Rochelle Drive, 612 F.Supp.465, 467 (N.D. Ga. 1984) *aff'd without opinion*, 779 F.2d 58 (11th Cir. 1985). Without deciding whether the magistrate judge was correct and for purposes of consistency this court will continue to refer the claimants' filings as a Second Amended Verified Claim.

5

will not reverse unless "the error [will] result in a substantial injustice to the Defendants." Id.

Forfeiture and Time Constraints

18 U.S.C. §983(a)(4) was amended in 2002 to extend the time period of filing a verified claim from twenty to thirty days; a similar extension was made to Supplemental Rule C(6). 12 C. WRIGHT & A. MILLER ET. AL., FEDERAL PRACTICE & PROCEDURE, CIVIL §3223 (2004). A verified claim is a sworn notice of claim and "is essential to confer[ring] statutory standing upon a claimant in a forfeiture action." U.S. v. $175,918.00 in U.S. Currency, 775 F.Supp. 630, 632 (S.D. NY 1991). Moreover, it provides "the government with timely notice of a claimant's interest in contesting the forfeiture and, by requiring a sworn claim, to deter the filing of false claims." Id. Further, the time limit serves an efficiency purpose by forcing "claimants to come forward as soon as possible . . . so that all interested parties can be heard and the dispute resolved without delay." U.S. v. 1982 Yukon Delta Houseboat, 774 F.2d 1432, 1436 (9th Cir. 1985).

A district court "may require claimants in forfeiture proceedings to comply strictly with the rule's requirements in presenting claims to the court." 37 C.J.S. Forfeitures §23. However, the court may exercise its discretion by extending the time for the filing of a verified claim. U.S. v. One (1) 1979 Mercedes 450SE, 651

6

F.Supp. 351, 353 (S.D. Fla. 1987). Among the factors the district court should consider in determining whether to exercise its discretion include:

> the time the claimant became aware of the seizure, whether the Government encouraged the delay, the reasons proffered for the delay, whether the claimant had advised the court and the Government of his interest in defendant before the claim deadline, whether the Government would be prejudiced by allowing the late filing, the sufficiency of the answer in meeting the basic requirements of a verified claim, and whether the claimant timely petitioned for an enlargement of time.

Id. Moreover, the district court should consider the amount seized in evaluating the above factors. U.S. v. U.S. Currency, in the Amount of $103,387.27, 863 F.3d 555, 563 (7th Cir. 1988). The district court should be wary to not confer the sins of the attorney unto the claimant in a civil forfeiture case, especially when the prejudice to the government, if any, is slight. U.S. Currency, $103,387.27, 863 F.3d 555 at; One (1) 1979 Mercedes 450SE, 651 F.Supp. 351, at 354-5.

Here the claimants' counsel filed the initial Verified Claim on April 25, 2003. It was not only two days tardy but also failed to comply with either Supplemental Rule C(6) or with District of Florida Local Admiralty Rules A(5) and B(2). Subsequently, on April 28, 2003 the currently non-party claimant filed

7

an Amended Verified Claim on her own behalf and the behalf of the remaining seven putative claimants. The district court exercised its discretion and expanded the filing deadline by five days to include this filing but held that the Amended Verified Claim was technically insufficient as to the seven putative claimants because it also failed to comply with Supplemental Rule C(6)(a)(i).

In considering whether to exercise its discretion as to the Second Amended Verified Claim the court should have considered such matters as: (1) whether the government was sufficiently on notice that the claimants were putting forth their interest in the seized property, (2) whether the government would be prejudiced by the late filing, (3) the sufficiency of the April 28, 2003 Amended Verified Claim to meet the basic requirements of Supplemental Rule C(6), (4) the amount at issue and (5) the reasons proffered for the delay. Moreover, the district court should have reviewed the actions of claimants' counsel to see whether counsel's negligence in filing a defective initial and Amended Verified Claim should be imputed to the claimants.

<u>Forfeiture and Balancing of Interests</u>

Forfeiture is a harsh penalty especially when the outcome is forced because of technical and procedural errors. We join our sister circuits in holding that "'amendments should be liberally permitted to add verifications to claims

8

originally lacking them' provided that the amendment would not undermine the 'goals underlying the time restriction and verification requirements of Rule C.'" U.S. Currency $103,387.27, 863 F.3d at 561-2 (quoting 1982 Yukon Delta Houseboat, 774 F.2d at 1436 (quoting 7A J. Moore & A. Palaez, MOORE'S FEDERAL PRACTICE, ¶ C.16, at 700.16 (2d ed. 1983))).

> [W]here a claimant has made known to the court and the government his interest in the subject property . . . before the deadline set for the filing of a proper claim has passed, the policy interest underlying the requirement of a timely verified claim would not be injured by allowing the claimant to perfect his claim by subsequent verification.

U.S. Currency $103,387.27, 863 F.2d at 563 (quoting Yukon Delta Houseboat, 774 F.2d at 1436).

In this case the district court ruled that, although the April 28, 2003 filing was untimely, it would exercise its discretion and extend the filing deadline to April 28, 2003 so as to include the Amended Verified Claim. The purpose of the Second Amended Verified Claim, filed by the seven putative claimants, was to cure the technical defects associated with the Amended Verified Claim. To comply with Supplemental Rule C(6) claimant's counsel should have meticulously reviewed his verified claim to confirm that it met Supplemental Rule C(6)'s

9

specific requirements. Counsel did not comply with the technical specifics of both Supplemental Rule C(6) and Southern District of Florida Admiralty Rules A(5) and B(2).

However, the government had identified the eight deposit holders in its civil complaint for forfeiture *in rem*. The same eight deposit holders subsequently had attempted to file three versions of a verified claim asserting their right to the accounts named in the complaint. The government was on notice as to their identities and that they were asserting their interest in the accounts. Additionally, the amount at issue is substantial, approximately $800,000. Prejudice to the government for allowing the extension is minimal, if any, and the policy interests underlying Supplemental Rule C(6) were satisfied.

Balancing the interests, we hold that a substantial injustice would result to the seven putative claimants if they are not allowed to perfect their claim. We hold that the district court abused its discretion in disallowing the Second Amended Verified Claim.

REVERSED and REMANDED for further proceedings not inconsistent with this opinion.