[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-16684
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 21, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00105-CV-2-JHH

UNITED STATES OF AMERICA,

                                                                                              Plaintiff-Appellee,

                                        versus

$12,126.00 IN UNITED STATES CURRENCY,

                                                                                                            Defendant,

ALEJANDRO EUAN-NOH,

                                                                                              Claimant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 21, 2009)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

This is a civil forfeiture action in which the United States seeks the forfeiture of $12,126 in currency, representing proceeds derived from appellant's cocaine trafficking.[1] On March 3, 2008, appellant learned of this action in the form of a notice from the Government, which it mailed to him on February 27, 2008. The notice informed appellant, in conformance with 18 U.S.C. § 983(a)(2)(B), that he had 35 days from the date the notice was mailed to file a claim to the currency,[2] verified as required by Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Supplemental Rules), and that if he filed a claim, he had 20 days after doing so to file an answer to the complaint.

Appellant responded to the notice, which the district court's clerk docketed on April 16, 2008, and claimed an interest in the currency at issue; on August 11, the district court issued a notice deeming the response a "claim."

On August 18, the Government informed appellant that he lacked statutory standing to contest the forfeiture because he had not filed his claim within 35 days of February 27; nor had he verified the claim, as required by Rule G(5). Appellant,

_____

[1] Appellant had pled guilty in the Northern District of Alabama to possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and had been sentenced to prison for a term of 57 months.

[2] Section 983(a)(2)(B) states that "[a] claim . . . may be filed not later than the deadline set forth in a personal notice letter (which deadline may be not earlier than 35 days after the date of the letter is mailed). . . ."

2

in turn, responded by letter dated August 25, again claiming the currency, but he did not answer the complaint. The Government therefore moved to strike appellant's claim, and the district court ordered appellant to respond to the Government's motion by October 10.

Appellant failed to respond, so, on October 17, the court granted the Government's motion to strike. However, appellant had mailed a response on October 9, and the clerk docketed it later in the day of October 17. The court therefore deemed the response a motion for reconsideration, and concluding that appellant had not complied with 18 U.S.C. § 983(a)(4)(A) or Rule G(5)(b), denied the motion. Appellant now appeals the court's decision, arguing that he complied with the filing rules.

Section 983(a)(4) and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture ("Supplemental Rules") govern civil forfeiture actions and establish the statutory standing requirements for contesting forfeiture. See 18 U.S.C. § 983; Rule G(1) of the Supplemental Rules; United States v. $38,000.00 Dollars in U.S. Currency, 816 F.2d 1538, 1544-45 (11th Cir. 1987). Under Rule G(5) of the Supplemental Rules, claimants are required to file both a verified claim asserting their interest in the seized property[3] and an answer to the government's

---

[3] Rule G(5)(a)(C) requires that a claim "must . . . be signed by the claimant under penalty of perjury."

forfeiture complaint. To be timely, the answer to the complaint must be filed "within 20 days after filing the claim."[4] Although a district court has discretion to extend the filing period, it may also insist on strict compliance with the Supplemental Rules. $125,938.62, 370 F.3d at 1328-29; see $38,000.00 Dollars in U.S. Currency, 816 F.2d at 1547 (noting that courts consistently require claimants to strictly comply with the Supplemental Rules).

We have emphasized that claimants must strictly adhere to the procedural requirements of the Supplemental Rules to achieve statutory standing to contest a forfeiture action. See $38,000.00 Dollars in U.S. Currency, 816 F.2d at 1545; $125,938.62, 370 F.3d at 1328. Moreover, under the Supplemental Rules, the government may move to strike a forfeiture claim at any time before trial for failure to comply with Rule G(5) or for lack of standing. Rule G(8)(c) of the Supplemental Rules.

Because appellant failed timely to file an answer to the Government's complaint, the district court did not abuse its discretion in striking his claim and subsequently denying his motion for reconsideration. The district court was

---

[4] Rule G(5)(b) states that "[a] claimant must serve and file an answer to the complaint or a motion under Rule 12 within 20 days after filing the claim." See 18 U.S.C. § 983(a)(4)(B) to the same effect: "[a] person claiming an interest in seized property . . . shall file an answer to the Government's complaint for forfeiture not later than 20 days after the date of the filing of the claim."

entitled to insist upon strict compliance with the procedural requirements set forth in Rule G(5) and, thus, to strike appellant's claim for lack of statutory standing to contest the forfeiture.

AFFIRMED.